# UNITED STATES DISTRICT COURT
## WESTERN DIVISION OF WASHINGTON

| | |
|---|---|
| CLINT DIDIER, LISA THOMAS, TIM EYMAN, LAWANDA JOY HATCH, DEAN WELLSFRY, PATTY DETRO, and JASON BERNICA, and OTHER NONESSENTIAL WASHINGTONIANS SIMILARLY SITUATED, | **NO.**<br><br>VERIFIED COMPLAINT VIOLATION OF CIVIL RIGHTS<br><br>FRCP 23 CLASS ACTION<br><br>Jury Trial   Yes ☒        No ☐ |
| Plaintiffs, | |
| JAY INSLEE, in his capacity as Governor of the state of Washington, | |
| Defendant, | |

## VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## INTRODUCTION

Defendant Jay Inslee has created an unacceptable tyranny in the state of Washington in violation of the Declaration of Independence upon which this nation was constructed, in violation of the Articles and Amendments of the Constitution of

USDC WAWD Didier v. Inslee - **1**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

the United States, and in violation of the Constitution of the state of Washington. His attempt to assert himself as tyrant has restricted and denied the liberty of all Washingtonians and has violated the civil rights of the discreet class of plaintiffs named herein.

## 1.0 PARTIES

1.1     Clint Didier, as a class representative, is the Chairman of the Franklin County Republican Party in Franklin County, Washington, whose ability to peaceably assemble and to petition the government for redress of grievances has been deemed nonessential, restricted, and denied, by Inslee's Executive Orders.  Didier can fairly represent the interests of the class of nonessential Washingtonians similarly situated.

1.2     Lisa Thomas is a nurse working in Franklin County, Washington, whose rights to visit and purchase needed goods and services from nonessential businesses have been, restricted, and denied, by Inslee's Executive Orders. Thomas can fairly represent the interests of the class of nonessential Washingtonians similarly situated.

1.3     Tim Eyman is a political activist whose ability to peaceably assemble and to petition the government for redress of grievances has been deemed nonessential, restricted, and denied, by Inslee's Executive Orders, including the suspension of RCW 42.30 and RCW 42.56 (open meetings) in Inslee's Executive Order 20-28, Open Public Meetings Act and Public Records Act, **attached hereto as Exhibit 4**. Eyman

USDC WAWD Didier v. Inslee - **2**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

can fairly represent the interests of the class of nonessential Washingtonians similarly situated.

1.4     LaWanda Joy Hatch is a Wedding Designer and Planner in Franklin County, Washington, whose ability to pursue her livelihood has been deemed nonessential, restricted, and denied, by Inslee's Executive Orders. Hatch can fairly represent the interests of the class of nonessential Washingtonians similarly situated.

1.5     Dean Wellsfry is the owner of Shakey's Pizza Parlor in Franklin County, Washington, whose ability to pursue his livelihood has been deemed nonessential, restricted, and denied, by Inslee's Executive Orders. Wellsfry can fairly represent the interests of the class of nonessential Washingtonians similarly situated.

1.6     Patty DeTro is the owner of a Beauty Salon in Okanogan County, Washington, whose ability to pursue her livelihood has been deemed nonessential, restricted, and denied, by Inslee's Executive Orders. Ditro can fairly represent the interests of the class of nonessential Washingtonians similarly situated.

1.7     Jason Bernica is the owner of an auto dealership in Okanogan County, Washington, whose ability to pursue his livelihood has been deemed nonessential, restricted, and denied, by Inslee's Executive Orders. Bernica can fairly represent the interests of the class of nonessential Washingtonians similarly situated.

USDC WAWD Didier v. Inslee - **3**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

1.8     Nonessential Washingtonians are a discrete class of people who are engaged in businesses and occupations suffering a deprivation of liberty, unlawful discrimination and disparate treatment, being excluded by Defendant Jay Inslee's Executive Orders 20-25, attached hereto as Exhibit 1, 20-25.1, attached hereto as Exhibit 2, and 20.25.2, attached hereto as Exhibit 3, whose inalienable rights have been deemed nonessential.

1.9     Jay Inslee is the Governor of the State of Washington, residing in Thurston County, Washington, whose authority is expressly set forth and expressly limited in the Constitution of the State of Washington, and an individual who took an oath to perform the office of Governor of the state of Washington, pursuant to RCW 43.01.020, swearing the following oath: "I do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution and laws of the state of Washington, and that I will faithfully discharge the duties of the office of (name of office) to the best of my ability." For purposes of 42 U.S.C. § 1983, Jay Inslee is a government official performing discretionary functions that violates clearly established statutory or constitutional rights of which a reasonable person would have known.

USDC WAWD Didier v. Inslee - **4**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

## 2.0 JURISDICTION AND VENUE

2.1     Plaintiffs raise a federal question under 42 U.S.C. § 1983 and jurisdiction is therefore proper pursuant to 28 U.S. Code § 1331. Defendant Inslee, acting in his capacity as governor of the state of Washington, has denied plaintiffs:

A.     The Privilege of the Writ of Habeas Corpus which are guaranteed under Article 2, Section 9, clause 2, of the US Constitution, using RCW 38.08 et seq. in violation of the Constitution of the state of Washington.

B.     Privileges and Immunities of Citizens in the several States which are guaranteed under Article 4, Section 2 of the US Constitution, including the liberty to freely practice religion, to peaceably assemble at local churches and other places of worship, to make a livelihood, to be free of deprivation of liberty including free movement and free association, and to retain the liberty interest protected by writs of habeas corpus.

C.     A republican form of government which is guaranteed under Article 4, Section 4 of the US Constitution by restricting and denying by the liberty interests of Washington citizens, including:

(i)     Denying plaintiffs the right to attend open meetings of government entities making public laws.

USDC WAWD Didier v. Inslee - **5**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

(ii)     Entering into treaties, alliances and confederations with other states in violation of Article I, Section. 10 of the US Constitution.

(iii)    By denying plaintiffs the right to attend political rallies, and the right to peaceably assemble for purposes of asserting grievances against the government.

D.     Rights protected under the First Amendment made applicable to the states under the Fourteenth Amendment, including the free practice of religion (closing churches), the right to peaceably assemble (banning non-criminal gatherings), and the right to petition the government for a redress of grievances (banning public political rallies or gatherings).

E.     Rights protected under the Fourteenth Amendment, including:

(i)      enforcing state laws which shall abridge the privileges or immunities of plaintiffs who are citizens of the United States (suspending habeas corpus, imposing limited martial law when no invasion or other catastrophe exists; asserting the right to use military tribunals for citizens of Washington; and declaring an emergency when no emergency exists);

(ii)     Depriving Washingtonians of fundamental liberty interests by imposing limited house arrest on citizens without due process.

USDC WAWD Didier v. Inslee - **6**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

(iii)    Depriving Washingtonians of fundamental property interests by summarily terminating the businesses of persons deemed "nonessential" by the arbitrary and capricious whim of the governor; and by depriving them of their liberty interest in making a living.

(iv)    Depriving Washingtonians of due process, in placing persons without illness or a finding of illness under limited house arrest, and placing persons without illness or a finding of illness in quarantine, summarily closing businesses deemed non-essential, and otherwise restricting liberty protected under the US Constitution and Washington's Constitution with no process of any sort – no notice, no hearing, no trial, no opportunity to confront witnesses, no opportunity to put on a defense, no opportunity to obtain a reasoned decision, and no opportunity to appeal.

(v)    Depriving plaintiffs of equal protection of the laws by deeming certain Washingtonians as "essential businesses" and plaintiffs and others as "non-essential" even though they are similarly situated.

2.2    In Executive Order 25-20, Jay Inslee, governor of the state of Washington, proclaimed a state of emergency "under Chapters 38.08, 38.52 and 43.06 RCW".

USDC WAWD Didier v. Inslee - **7**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

A.     RCW 38.08.030 provides for "limited military law", "a partial subordination of civil authority by the setting up of an additional police power vested in the military force, which shall have the right to try all persons apprehended by it in such area by a military tribunal," and at "which time the writ of habeas corpus shall be suspended in behalf of such person".

B.     RCW 38.52.050 provides that the governor "[o]n behalf of this state, to enter into mutual aid arrangements with other states and territories, or provinces of the Dominion of Canada and to coordinate mutual aid interlocal agreements between political subdivisions of this state".

C.     RCW 43.06.220(b) provides that the governor, after proclaiming a state of emergency, may issue an order prohibiting "[a]ny number of persons, as designated by the governor, from assembling or gathering on the public streets, parks, or other open areas of this state, either public or private".

D.     RCW 43.06.220(f) provides that the governor, after proclaiming a state of emergency, may issue an order prohibiting "[t]he sale, purchase or dispensing of other commodities or goods, as he or she reasonably believes should be prohibited to help preserve and maintain life, health, property or the public peace".

E.     RCW 43.06.220(h) provides that the governor, after proclaiming a state of emergency, may issue an order prohibiting "[s]uch other activities as he or she

USDC WAWD Didier v. Inslee - **8**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

reasonably believes should be prohibited to help preserve and maintain life, health, property or the public peace". Neither the US Constitution, nor the Constitution of the state of Washington, grant the governor the authority to so act.

2.3    Plaintiffs seek to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States and jurisdiction is therefore proper pursuant to 28 U.S. Code § 1343(3).

2.4    Plaintiffs seek to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote and jurisdiction is therefore proper pursuant to 28 U.S. Code § 1343(4).

2.5    Plaintiffs seek relief for violations of state law under facts related to the claims asserted that form part of the same case. Supplement jurisdiction is therefore proper pursuant to 28 U.S. Code § 1367(a).

2.6    Venue is proper pursuant to 28 U.S. Code § 1391(b)(2).

### 3.0 STATEMENT OF APPLICABLE FACTS

3.1    On March 23, 2020, defendant Inslee announced "Stay Home, Stay Healthy" order citing authority granted to him under RCW 38.08, RCW 38.5 and RCW 43.06.220. See Exhibit A, attached hereto.

USDC WAWD Didier v. Inslee - **9**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

3.2    There is no constitutional authority granted to the governor to declare

limited martial law, or to grant the powers provided for in RCW 38.08.030, 38.52.050,

43.06.220(b),  43.06.220(f), or 43.06.220(b).

3.3    On March 23, 2020, under Executive Order 20-25, Jay Inslee imposed a

Stay Home – Stay Healthy Order throughout Washington State which prohibited "all

people in Washington State from leaving their homes or participating in social,

spiritual and recreational gatherings of any kind regardless of the number of

participants, and all non-essential businesses in Washington State from conducting

business, within the limitations provided herein."

3.4    Under Executive Order 20-25, Jay Inslee ordered "into active state

service the organized militia of Washington State to include the National Guard and

the State Guard."

3.5     Under Executive Order 20-25, Jay Inslee ordered that "[a]ll people in

Washington State shall immediately cease leaving their home or place of residence

except: (1) to conduct or participate in essential activities, and/or (2) for employment

in essential business services. This prohibition was extended until May 4, 2020

pursuant to Executive Order 20-25.1.

3.6    Under Executive Order 20-25.2, Jay Inslee amended the Executive Order

to permit recreational hunting, fishing, and boating, outdoor exercise, including

USDC WAWD Didier v. Inslee - **10**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132ⁿᵈ Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

hiking, running, walking and biking, golfing, and day-use activities at public parks
and public lands, and thereafter extended "[a]ll other provisions of Proclamation 20-
25 and 20-25" to "remain in full force and effect."

## 4.0 STATEMENT OF CLAIMS

4.1     Plaintiff Clint Didier is a person who is not ill and has been unable to
meet with the Franklin County Republican Party since the issuance of Inslee's
Executive Order because of Inslee's prohibition.

4.2     Plaintiff Lisa Thomas is a nurse who is not ill and who has not been able
to procure needed goods and services and has therefore lost a fundamental liberty
interest since the issuance of Inslee's Executive Order because of Inslee's prohibition.

4.4     Plaintiff Tim Eyman is a political activist who is not ill and who was
denied the opportunity to speak at a Bellingham Council meeting and denied entry
into an Edmonds council meeting as a result of Inslee's proclamation.

4.5     Plaintiff LaWanda Joy Hatch is a Wedding Designer and Planner in
Franklin County, Washington, who is not ill, and whose business was summarily
closed by Inslee's Executive Order, and was denied all aspects of due process, having
received no notice, no hearing, no adjudication, no opportunity to present witnesses on
her behalf, no decision, and no right of appeal.

USDC WAWD Didier v. Inslee - **11**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

4.6     Plaintiff Dean Wellsfry is the owner of Shakey's Pizza Parlor in Franklin County, Washington, who is not ill, and whose business was summarily closed by Inslee's Executive Order, and was denied all aspects of due process, having received no notice, no hearing, no adjudication, no opportunity to present witnesses on his behalf, no decision, and no right of appeal.

4.7     Patty Ditro is the owner of a Beauty Salon in Okanogan County, Washington, who is not ill, and whose business was summarily closed by Inslee's Executive Order, and was denied all aspects of due process, having received no notice, no hearing, no adjudication, no opportunity to present witnesses on her behalf, no decision, and no right of appeal.

4.8     Jason Bernica is the owner of Sunrise Chevrolet, an auto dealership in Okanogan County, Washington, who is not ill, whose business was summarily closed by Inslee's Executive Order, and was denied all aspects of due process, having received no notice, no hearing, no adjudication, no opportunity to present witnesses on his behalf, no decision, and no right of appeal.

4.9     Nonessential Washingtonians are other people similarly situated in businesses deemed nonessential by the orders of Jay Inslee whose businesses do not appear on the list of essential businesses, and whose liberty interests were terminated

USDC WAWD Didier v. Inslee - **12**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

and whose businesses were closed on March 23, 2020 without benefit of any due process.

## 5.0 INJURIES

5.1    Plaintiffs' damages are real and substantial. Plaintiffs assert damages in the minimum amount of One Hundred Thousand dollars ($100,000) which include pain and suffering, loss of liberty, and injuries to property and income in an amount to be proved at trial.

## PRAYER FOR RELIEF

## (US Constitutional Claims)

A.  Plaintiffs seek declaratory judgment that Inslee's Executive Orders 20-25, 20-25.1, 20-25.2 violate Article 2, Section 9, clause 2, of the US Constitution.

B.  Plaintiffs seek declaratory judgment that Inslee's Executive Orders 20-25, 20-25.1, 20-25.2 violate Article 4, Section 2 of the US Constitution.

C.  Plaintiffs seek declaratory judgment that Inslee's Executive Orders 20-25, 20-25.1, 20-25.2 violate under Article 4, Section 4 of the US Constitution.

D.  Plaintiffs seek declaratory judgment that Inslee's Executive Orders 20-25, 20-25.1, 20-25.2 violate the First Amendment of the US Constitution.

E.   Plaintiffs seek declaratory judgment that Inslee's Executive Orders 20-25, 20-25.1, 20-25.2 violate the First Amendment of the US Constitution.

USDC WAWD Didier v. Inslee - **13**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

F.  Plaintiffs seek declaratory judgment that Inslee's Executive Orders 20-25, 20-25.1, 20-25.2 violate the Fourteenth Amendment of the US Constitution.

### (Pendant State Constitutional Claims)

G.  Plaintiffs seek declaratory judgment that RCW 38.08.030 (authority to proclaim martial law or limited martial law) violates Article II, Section 42, and Article I, Sections 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 13, 19, 22, and 29, of Washington's Constitution.

H.   Plaintiffs seek declaratory judgment that RCW 38.08.050 (authority to order restrict free assembly) violates Article II, Section 42, and Article I, Sections 1, 2, 8, 11 of Washington's Constitution.

I.  Plaintiffs seek declaratory judgment that RCW 43.06.220(b) (authority to order out organized militia) violates Article II, Section 42, and Article I, Section 31 of Washington's Constitution.

J.  Plaintiffs seek declaratory judgment that RCW 43.06.220(f), (restricting the sale of goods and commodities) violates Article II, Section 42, and Article I, Section 31 of Washington's Constitution.

/ / /

/ / /

/ / /

USDC WAWD Didier v. Inslee - **14**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

### 42 U.S.C.§ 1983

K.  Plaintiffs seek an injunction to prevent defendant Jay Inslee from further actions which deprive plaintiffs from rights protected under the United States Constitution and the Constitution of the State of Washington.

L.  Plaintiffs seek all lawful remedies resulting from Jay Inslee's intentional acts to violate the civil rights of plaintiffs, including damages in an amount to be proved at trial, an award of attorney fees, punitive damages in an amount sufficient to deter future behavior.

M. Plaintiffs seek all other remedies available to plaintiffs, whether in law or equity as this court may deem appropriate, including a trial by jury for all material issues of fact which may arise.

Respectfully submitted this 30th day of April 2020.

// Stephen Pidgeon
Stephen Pidgeon, WSBA #25265
Attorney at Law, P.S.
1523 132nd Street SE
Suite C-350
Everett, Washington 98208
(425)347-7513

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

**Verification, Certification, and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____, Signed in  PASCO_____, WA 5 / 1 /2020.
Clint Didier

_____, Signed in _____, WA ___ / ___ /2020.
Lisa Thomas

_____, Signed in _____, WA ___ / ___ /2020.
Tim Eyman

_____, Signed in _____, WA ___ / ___ /2020.
LaWanda Joy Hatch

_____, Signed in _____, WA ___ / ___ /2020.
Dean Wellsfry

_____, Signed in _____, WA ___ / ___ /2020.
Patty Ditro

_____, Signed in _____, WA ___ / ___ /2020.
Jason Bernica

**USDC WAWD Didier v. Inslee - 16**

STEPHEN PIDGEON
Attorney at Law, P.S.
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

## Verification, Certification, and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____, Signed in _____, WA ___/___/2020.
Clint Didier

_____, Signed in _Richland_, WA 4/30/2020.
Lisa Thomas

_____, Signed in _____, WA ___/___/2020.
Tim Eyman

_____, Signed in _____, WA ___/___/2020.
LaWanda Joy Hatch

_____, Signed in _____, WA ___/___/2020.
Dean Wellsfry

_____, Signed in _____, WA ___/___/2020.
Patty Ditro

_____, Signed in _____, WA ___/___/2020.
Jason Bernica

USDC WAWD Didier v. Inslee - 16

STEPHEN PIDGEON
Attorney at Law, P.S.
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

**Verification, Certification, and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____, Signed in _____, WA ___/___/2020.
Clint Didier

_____, Signed in _____, WA ___/___/2020.
Lisa Thomas

_____, Signed in _Bellevue_____, WA _4_/_30_/2020.
Tim Eyman

_____, Signed in _____, WA ___/___/2020.
LaWanda Joy Hatch

_____, Signed in _____, WA ___/___/2020.
Dean Wellsfry

_____, Signed in _____, WA ___/___/2020.
Patty Ditro

_____, Signed in _____, WA ___/___/2020.
Jason Bernica

USDC WAWD Didier v. Inslee - **16**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

## Verification, Certification, and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____, Signed in _____, WA ___/___/2020.
Clint Didier

_____, Signed in _____, WA ___/___/2020.
Lisa Thomas

_____, Signed in _____, WA ___/___/2020.
Tim Eyman

_____, Signed in Pasco _____, WA 4/30/2020.
LaWanda Joy Hatch

_____, Signed in _____, WA ___/___/2020.
Dean Wellsfry

_____, Signed in _____, WA ___/___/2020.
Patty Ditro

_____, Signed in _____, WA ___/___/2020.
Jason Bernica

USDC WAWD Didier v. Inslee - **16**

STEPHEN PIDGEON
Attorney at Law, P.S.
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

**Verification, Certification, and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____, Signed in _____, WA ___/___/2020.
Clint Didier

_____, Signed in _____, WA ___/___/2020.
Lisa Thomas

_____, Signed in _____, WA ___/___/2020.
Tim Eyman

_____, Signed in _____, WA ___/___/2020.
LaWanda Joy Hatch

_____, Signed in _____, WA ___/___/2020.
Dean Wellsfry

_____, Signed in _Omak_____, WA 04/30/2020.
Patty DeTro

_____, Signed in _____, WA ___/___/2020.
Jason Bernica

**Verification, Certification, and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____, Signed in _____, WA ___/___/2020.
Clint Didier

_____, Signed in _____, WA ___/___/2020.
Lisa Thomas

_____, Signed in _____, WA ___/___/2020.
Tim Eyman

_____, Signed in _____, WA ___/___/2020.
LaWanda Joy Hatch

_____, Signed in _____Pasco_____, WA _5_/_1_/2020.
Dean Wellsfry

_____, Signed in _____, WA ___/___/2020.
Patty DeTro

_____, Signed in _____, WA ___/___/2020.
Jason Bernica

USDC WAWD Didier v. Inslee - **16**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

**Verification, Certification, and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____, Signed in _____, WA ___/___/2020.
Clint Didier

_____, Signed in _____, WA ___/___/2020.
Lisa Thomas

_____, Signed in _____, WA ___/___/2020.
Tim Eyman

_____, Signed in _____, WA ___/___/2020.
LaWanda Joy Hatch

_____, Signed in _____, WA ___/___/2020.
Dean Wellsfry

_____, Signed in _____, WA ___/___/2020.
Patty Ditro

_____, Signed in Omak, WA 4/30/2020.
Jason Bernica

USDC WAWD Didier v. Inslee - **16**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513