# UNITED STATES DISTRICT COURT
## WESTERN DIVISION OF WASHINGTON

| | | |
|---|---|---|
| CLINT DIDIER, LISA THOMAS, TIM EYMAN, LAWANDA JOY HATCH, DEAN WELLSFRY, PATTY DETRO, JASON BERNICA, S. ROWAN WILSON, BOBBI RANSIER and OTHER WASHINGTONIANS SIMILARLY SITUATED, | ) ) ) ) ) ) ) ) ) ) | NO. 20-5408 <br><br> FIRST AMENDED VERIFIED COMPLAINT VIOLATION OF CIVIL RIGHTS <br><br> FRCP 23 CLASS ACTION |
| Plaintiffs, | ) ) ) | Jury Trial   Yes ☒   No ☐ |
| JAY INSLEE, in his capacity as Governor of the state of Washington, | ) ) ) ) ) | |
| Defendant, | ) ) | |

**FIRST AMENDED VERIFIED COMPLAINT FOR
VIOLATION OF CIVIL RIGHTS**

**INTRODUCTION**

1.     Defendant Jay Inslee has created an unacceptable tyranny in the state of

Washington in violation of the Declaration of Independence upon which this nation

USDC WAWD Didier v. Inslee - **1**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

was constructed, in violation of the Articles and Amendments of the Constitution of the United States, and in violation of the Constitution of the state of Washington. His attempt to assert himself as tyrant has restricted and denied the liberty of all Washingtonians and has violated the civil rights of the discreet class of plaintiffs named herein.

## 1.0 PARTIES

2.    Clint Didier, as a class representative, is a political activist, and the Chairman of the Franklin County Republican Party in Franklin County, Washington, whose ability to peaceably assemble and to petition the government for redress of grievances has been deemed nonessential, restricted, and denied, by Inslee's Executive Orders.  Didier can fairly represent the interests of the class of politically active members in Washingtonians similarly situated.

3.    Lisa Thomas is a political activist in Benton County, Washington, whose ability to peaceably assemble and to petition the government for redress of grievances has been deemed nonessential, restricted, and denied, by Inslee's Executive Orders. Thomas can fairly represent the interests of the class of politically active members in Washingtonians similarly situated.

4.    Tim Eyman is a political activist whose ability to peaceably assemble and to petition the government for redress of grievances has been deemed nonessential,

USDC WAWD Didier v. Inslee - **2**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

restricted, and denied, by Inslee's Executive Orders, including the suspension of RCW 42.30 and RCW 42.56 (open meetings) in Inslee's Executive Order 20-28, Open Public Meetings Act and Public Records Act, **attached hereto as Exhibit 4**. Eyman can fairly represent the interests of the class of politically active members in Washingtonians similarly situated.

5.      LaWanda Joy Hatch is a Wedding Designer and Planner in Franklin County, Washington, whose ability to pursue her livelihood has been deemed nonessential, restricted, and denied, by Inslee's Executive Orders. Hatch can fairly represent the interests of the business class of Washingtonians similarly situated.

6.      Dean Wellsfry is the owner of Shakey's Pizza Parlor in Franklin County, Washington, whose ability to pursue his livelihood has been deemed nonessential, restricted, and denied, by Inslee's Executive Orders. Wellsfry can fairly represent the interests of the business class of Washingtonians similarly situated.

7.      Patty DeTro is the owner of a Beauty Salon in Okanogan County, Washington, whose ability to pursue her livelihood has been deemed nonessential, restricted, and denied, by Inslee's Executive Orders. Ditro can fairly represent the interests of the business class of Washingtonians similarly situated.

8.      Jason Bernica is the owner of an auto dealership in Okanogan County, Washington, whose ability to pursue his livelihood has been deemed nonessential,

USDC WAWD Didier v. Inslee - **3**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

restricted, and denied, by Inslee's Executive Orders. Bernica can fairly represent the interests of the business class of Washingtonians similarly situated.

9.      S. Rowan Wilson is a former contract employee for Expedia.com, an electronic travel service whose business was deemed non-essential by the Proclamations of Jay Inslee, and who has been deprived of her livelihood since the entry of the Inslee Proclamations. Wilson can fairly represent the interests of the employee class of Washingtonians similarly situated.

10.      Bobbi Ransier is the former General Manager of Cousin's Restaurant in Pasco, Washington, whose job was summarily terminated by the Proclamations of Jay Inslee, who deemed her employer as a non-essential business in Washington, and has been deprived of her livelihood since the entry of the Inslee Proclamations. Ransier can fairly represent the interests of the employee class of Washingtonians similarly situated.

11.      Jay Inslee is the Governor of the State of Washington, residing in Thurston County, Washington, whose authority is expressly set forth and expressly limited in the Constitution of the State of Washington, and an individual who took an oath to perform the office of Governor of the state of Washington, pursuant to RCW 43.01.020, swearing the following oath: "I do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution and laws of the state

USDC WAWD Didier v. Inslee - **4**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

of Washington, and that I will faithfully discharge the duties of the office of (name of office) to the best of my ability." For purposes of 42 U.S.C. § 1983, Jay Inslee is a government official performing discretionary functions that violates clearly established statutory or constitutional rights of which a reasonable person would have known.

## 2.0 JURISDICTION AND VENUE

12.     Plaintiffs raise a federal question under 42 U.S.C. § 1983 and jurisdiction is therefore proper pursuant to 28 U.S. Code § 1331. Defendant Inslee, acting in his capacity as governor of the state of Washington, has denied plaintiffs:

A.     The Privilege of the Writ of Habeas Corpus which are guaranteed under Article 2, Section 9, clause 2, of the US Constitution, using RCW 38.08 et seq. in violation of the Constitution of the state of Washington.

B.     Privileges and Immunities of Citizens in the several States which are guaranteed under Article 4, Section 2 of the US Constitution, including the liberty to freely practice religion, to peaceably assemble at local churches and other places of worship, to make a livelihood, to be free of deprivation of liberty including free movement and free association, and to retain the liberty interest protected by writs of habeas corpus.

USDC WAWD Didier v. Inslee - **5**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

C.     A republican form of government which is guaranteed under Article 4, Section 4 of the US Constitution by restricting and denying by the liberty interests of Washington citizens, including:

(i)     Denying plaintiffs the right to attend open meetings of government entities making public laws.

(ii)     Entering into treaties, alliances and confederations with other states in violation of Article I, Section. 10 of the US Constitution.

(iii)     By denying plaintiffs the right to attend political rallies, and the right to peaceably assemble for purposes of asserting grievances against the government.

D.     Rights protected under the First Amendment made applicable to the states under the Fourteenth Amendment, including the right to peaceably assemble (banning non-criminal gatherings), and the right to petition the government for a redress of grievances (banning public political rallies or gatherings).

E.     Rights protected under the Fifth Amendment, including the right to be free of the taking of property for non-public purposes without just compensation, including:

(i)     Depriving Washingtonians of fundamental property interests by summarily terminating the businesses of persons deemed "nonessential" by the

USDC WAWD Didier v. Inslee - **6**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

arbitrary and capricious whim of the governor; and by depriving them of their liberty interest in making a living.

F.    Rights protected under the Fourteenth Amendment, including:

(i)    abridging the privileges or immunities of plaintiffs who are citizens of the United States (suspending habeas corpus, imposing limited martial law when no invasion or other catastrophe exists; asserting the right to use military tribunals for citizens of Washington; and declaring an emergency when no emergency exists);

(iv)    Depriving Washingtonians of due process, in placing persons without illness or a finding of illness under limited house arrest, and placing persons without illness or a finding of illness in quarantine, summarily closing businesses deemed non-essential, and otherwise restricting liberty protected under the US Constitution and Washington's Constitution with no process of any sort – no notice, no hearing, no trial, no opportunity to confront witnesses, no opportunity to put on a defense, no opportunity to obtain a reasoned decision, and no opportunity to appeal.

(v)    Depriving plaintiffs of equal protection of the laws by deeming certain Washingtonians as "essential businesses" and plaintiffs and others as "non-essential" even though they are similarly situated.

USDC WAWD Didier v. Inslee - **7**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

13.     Venue is proper pursuant to 28 U.S. Code § 1391(b)(2).

## 3.0 STATEMENT OF APPLICABLE FACTS

14.     On March 23, 2020, defendant Inslee announced "Stay Home, Stay

Healthy" order citing authority granted to him under RCW 38.08, RCW 38.5, and

RCW 43.06.220. See Exhibit A, attached hereto, which prohibited "all people in

Washington State from leaving their homes or participating in social, spiritual and

recreational gatherings of any kind regardless of the number of participants, and all

non-essential businesses in Washington State from conducting business, within the

limitations provided herein."

15.     Under Executive Order 20-25, Jay Inslee ordered "into active state

service the organized militia of Washington State to include the National Guard and

the State Guard."

16.      Under Executive Order 20-25, Jay Inslee ordered that "[a]ll people in

Washington State shall immediately cease leaving their home or place of residence

except: (1) to conduct or participate in essential activities, and/or (2) for employment

in essential business services. This prohibition was extended until May 4, 2020

pursuant to Executive Order 20-25.1.

17.     Under Executive Order 20-25.2, Jay Inslee amended the Executive Order

to permit recreational hunting, fishing, and boating, outdoor exercise, including

USDC WAWD Didier v. Inslee - **8**

STEPHEN PIDGEON
Attorney at Law, P.S.
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

hiking, running, walking and biking, golfing, and day-use activities at public parks and public lands, and thereafter extended "[a]ll other provisions of Proclamation 20-25 and 20-25" to "remain in full force and effect."

18.     Collectively, these Executive Orders are referred to as the "Inslee Proclamations".

## 4.0 STATEMENT OF CLAIMS

19.     Plaintiff Clint Didier is a person who is not ill with COVID 19and who is the Chairman of the Franklin County Republic Party. He has been neither been able to meet with the Franklin County Republican Party since the issuance of Inslee's Proclamations because of Inslee's prohibition, nor has the Franklin County Republican Party been able to engage in its normal course of free assembly as the direct and proximate result of Inslee's Proclamations. See Declaration of Clint Didier.

20.     Plaintiff Lisa Thomas is a political activist and is a registered nurse in both Washington and Oregon, who is not ill with COVID 19, and who has not been able to freely engage in the practice of political assembly since the Inslee Proclamations have taken effect, and has therefore lost a fundamental liberty interest since the issuance of Inslee's Proclamations as the direct and proximate result of Inslee's Proclamations. See Declaration of Lisa Thomas.

USDC WAWD Didier v. Inslee - **9**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

21.     Plaintiff Tim Eyman is a political activist and a candidate for the office of Governor in Washington, who is not ill with COVID 19 and whose ability to freely assemble in the state of Washington for purposes of political speech was limited by the Inslee Proclamations, particularly at a Bellingham Council meeting where he faced imminent arrest, at an Edmonds council meeting where he was denied entry as a direct and proximate result of Inslee's Proclamations. See Declaration of Tim Eyman.

22.     Plaintiff LaWanda Joy Hatch is a Wedding Designer and Planner in Franklin County, Washington, who is not ill with COVID 19, and whose business was summarily closed by Inslee's Proclamations, being deemed non-essential by Inslee, and was denied all aspects of due process, having received no notice, no hearing, no adjudication, no opportunity to present witnesses on her behalf, no decision, and no right of appeal. The termination of her livelihood was the direct and proximate result of Inslee's Proclamations.  See Declaration of LaWanda Joy Hatch.

23.     Plaintiff Dean Wellsfry is the owner of Shakey's Pizza Parlor in Franklin County, Washington, who is not ill with COVID 19, and whose business was summarily closed by Inslee's Proclamations, being deemed non-essential by Inslee, and was denied all aspects of due process, having received no notice, no hearing, no adjudication, no opportunity to present witnesses on his behalf, no decision, and no

USDC WAWD Didier v. Inslee - **10**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

right of appeal. The termination of his business was the direct and proximate result of Inslee's Proclamations.  See Declaration of Dean Wellsfry.

24.     Patty Ditro is the owner of a Beauty Salon in Okanogan County, Washington, who is not ill with COVID 19, and whose business was summarily closed by Inslee's Executive Order, being deemed non-essential by Inslee, and was denied all aspects of due process, having received no notice, no hearing, no adjudication, no opportunity to present witnesses on her behalf, no decision, and no right of appeal. The termination of her business was the direct and proximate result of Inslee's Proclamations.  See Declaration of Patty DeTro.

25.     Jason Bernica is the owner of Sunrise Chevrolet, an auto dealership in Okanogan County, Washington, who is not ill with COVID 19, whose business was summarily closed by Inslee's Executive Order, being deemed non-essential by Inslee, and was denied all aspects of due process, having received no notice, no hearing, no adjudication, no opportunity to present witnesses on his behalf, no decision, and no right of appeal. The termination of his business was the direct and proximate result of Inslee's Proclamations.  See Declaration of Jason Bernica.

26.     S. Rowan Wilson is a former contract employee with Expedia.com, who is not ill with COVID 19, whose livelihood and career were ended by the Inslee Proclamations, when Inslee imposed restrictions on travel causing a reduction in travel

USDC WAWD Didier v. Inslee - **11**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

of approximately ninety percent (90%). She has been denied all aspects of due process, having received no notice, no hearing, no adjudication, no opportunity to present witnesses on his behalf, no decision, and no right of appeal. The termination of here livelihood was the direct and proximate result of Inslee's Proclamations.  See Declaration of S. Rowan Wilson.

27.     Bobbi Ransier is a former employee of Cousin's Restaurant, who is not ill with COVID 19, whose livelihood and career were ended by the Inslee Proclamations, having been denied all aspects of due process, having received no notice, no hearing, no adjudication, no opportunity to present witnesses on his behalf, no decision, and no right of appeal. The termination of here livelihood was the direct and proximate result of Inslee's Proclamations.  See Declaration of S. Rowan Wilson.

## CLASS ALLEGATIONS

28.     Plaintiffs bring this action on behalf of all Individual Class Members pursuant to provisions of Federal Rules of Civil Procedure 23 (a), (b)(1), (b)(2) and/or (b)(3). Fed. R. Civ. P. 23(a), (b)(1)-(3).

29.     Didier and Individual Class Members are, as noted above, affected persons who have lost their civil rights protected under the First, Fifth and Fourteenth Amendments because of the shutdown ordered by the Inslee Proclamations.

USDC WAWD Didier v. Inslee - **12**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132ⁿᵈ Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

30.     The class consists of all persons in Washington who satisfy each of the following criteria:

(a) At the time when the Proclamations became effective, they were (i) categorized as "non-essential" and, thus, (b) instructed to end all acts of free assembly protected by the First Amendment, to end all acts of petitioning the government for redress of grievances protected by the First Amendment.

(b) They were deprived of liberty and property interests protected under the Fifth Amendment, whose property was taken without just compensation, and whose businesses or jobs were shut down, without due process, without notice, without a hearing, and without an opportunity for a review of their "non-essential" status under the Fourteenth Amendment; and

(c) They were denied equal protection as protected under the Fourteenth Amendment, having been deemed "non-essential" by the Inslee Proclamations while other individuals similarly situated were deemed "essential."

31.     Excluded from the class are any individual, that was categorized as "essential" according the list attached to the Governor's Proclamation 20-25, including all subsequent updates and revisions to the list, and thus authorized to continue engage in acts protected under .

USDC WAWD Didier v. Inslee - **13**

Stephen Pidgeon
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

32.     This class is so numerous that joinder of all members is impractical. The class is composed tens of thousands of individuals across the state of Washington.

33.     Plaintiff will fairly and adequately protect the interests of the class. It is committed to litigating this matter vigorously. Plaintiff has retained counsel experienced at handling constitutional claims against government actors, often involving questions of substantive and procedural due process and violations of the Takings Clause. Neither plaintiffs nor counsel for plaintiffs, has any interest that might cause either not to pursue this action vigorously.

34.     Class certification under Fed. R. Civ. P. 23(b)(1) is appropriate in this action because prosecuting separate actions by or against individual class members would create a risk of either:

(a)     Inconsistently or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing class; or

(b)     Adjudications with respect to individual class members that, as a practical matter would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

USDC WAWD Didier v. Inslee - **14**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

35.     Class certification under Fed. R. Civ. P. 23(b)(2) is appropriate in this action because Governor Inslee has acted on grounds that apply generally to the Class – that is, inter alia, issuance of the Inslee Proclamations – so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

36.     Class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in this action because there are numerous questions of law and fact which are common to the Class and which predominate over any questions affecting individual members of the Class, including, without limitation, the following:

(a)     Whether the Inslee Proclamations created impermissible barriers to free expression permitted under the First Amendment, and have unlawfully prevented the same, allowing disparate treatment among others similarly situated and preventing free and fair elections, free and fair campaigns for elections, free association of political classes contrary to the interests of Inslee's political class, and unlawfully criminalizing speech and peaceable assembly.

(b)     Whether the Inslee Proclamations affected a regulatory taking upon businesses who were classified as "non-life sustaining" and thus instructed to halt all business operations – ceasing all economically beneficial uses of their Physical Location and of their Tangible Property – without providing just compensation;

USDC WAWD Didier v. Inslee - **15**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

(c)     Whether they violated the substantive due process rights of affected businesses by arbitrarily, capriciously and irrationally interfering with such businesses' fundamental right to use and enjoy of such their Physical Locations and Tangible Property in such a manner that would shock the conscience; and

(d)     Whether Inslee Proclamations violated the substantive due process rights of affected businesses by arbitrarily, capriciously and irrationally interfering with their fundamental Property and liberty interests without providing any procedural safeguards, either before, during or after the government interference or deprivation.

37.     The only individual question appears to be the amount of monetary damage suffered because of the Inslee Proclamations – and thus, just compensation owed – which is attributable to each Class Member.

38.     Class certification under Fed. R. Civ. P. 23(b)(3) is also appropriate in this action because a class action is superior to other methods for the fair and efficient adjudication of this controversy, in that:

(a) The critical facts and applicable questions of law are identical across all Class Members, even though the effects of the Inslee Proclamations may be small to some members of the Class, and establishing whether Governor Inslee's actions were unconstitutional is complex, such that prosecution of individual actions is impractical and not economically feasible;

USDC WAWD Didier v. Inslee - **16**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

(b) By contrast, the cumulative damages caused by the Inslee Proclamations across all Members of the Class is substantial;

(c) In the absence of the class action device, Plaintiffs and Class Members would be left without a remedy for the wrongful acts alleged, and Defendants' allegedly unconstitutional actions would be left unchallenged;

(d) The prosecution of separate lawsuits by individual members of the class would create the risk of inconsistent adjudications with respect to the individual class members, which would establish incompatible standards of conduct for Governor Inslee, making concentration of the litigation concerning this matter in this Court desirable; and

(e) No unusual difficulties are likely to be encountered in the management of this action as a class-action.

### Didier, Thomas, Eyman and Political Class Members

39.     Plaintiffs Didier, Thomas, and Eyman bring this action on behalf of the all Political Class Members pursuant to provisions of Federal Rules of Civil Procedure 23 (a), (b)(1), (b)(2) and/or (b)(3). Fed. R. Civ. P. 23(a), (b)(1)-(3).

40.     Plaintiffs Didier, Thomas, and Eyman and Political Class Members are, as noted above, politically active persons who have been deprived of their liberty

USDC WAWD Didier v. Inslee - **17**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

interest in peaceably assembling to express political speech in Washington as a result of the Inslee Proclamations.

41. The class consists of all politically active people who satisfy each of the following criteria:

(a) At the time when the Inslee Proclamations became effective, they were politically active, whose ability to peaceably assemble was (i) arrested by Inslee's Proclamation that prohibited "all people in Washington State from leaving their homes or participating in social, spiritual and recreational gatherings of any kind regardless of the number of participants" and, thus, (b) instructed to cease and desist by the Inslee Proclamations; and

(b) As a result of the mandated shutdown, they were unable to peaceably assemble for purposes of political speech.

42.    Excluded from the class are (i) any politically inactive individual when the Inslee Proclamations became effective, or (ii) any individual whose political speech was categorized as "essential" according the list attached to Inslee's Proclamations, including all subsequent updates and revisions to the list, and thus authorized to continue assembling at its Physical Location. Also excluded from the class are all directors, officers, employees, parents, affiliates and subsidiaries, their

USDC WAWD Didier v. Inslee - **18**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

successors, agents, legal representatives, heirs and assigns, and any persons or entities controlled by any excluded individual, company or entity.

43.     This class is so numerous that joinder of all members is impractical. The class is composed tens of thousands – and possibly hundreds of thousands – of individual workers across the state of Washington.

44.     As the named Plaintiffs, Didier's, Eyman's, and Thomas's claims are typical of the claims of the Political Class. All the claims are based on the same factual and legal theories.

45.     Didier, Eyman, and Thomas will fairly and adequately protect the interests of the class. They are committed to litigating this matter vigorously. Didier, Eyman, and Thomas have retained counsel experienced at handling constitutional claims against government actors, often involving questions of substantive and procedural due process and violations of the Takings Clause.

Neither Didier, Eyman, and Thomas, nor their counsel, have any interest that might cause them not to pursue this action vigorously.

46.     Class certification under Fed. R. Civ. P. 23(b)(1) is appropriate in this action because prosecuting separate actions by or against individual class members would create a risk of either:

USDC WAWD Didier v. Inslee - **19**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

(a)     Inconsistently or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing class; or

(b) Adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

47.     Class certification under Fed. R. Civ. P. 23(b)(2) is appropriate in this action because Governor Inslee has acted on grounds that apply generally to the Political Class – that is, inter alia, issuance of the Inslee Proclamations – so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

48.     Class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in this action because there are numerous questions of law and fact which are common to the Political Class and which predominate over any questions affecting individual members of the Class, including, without limitation, the following:

(a)     Whether the Inslee Proclamations violated the substantive due process rights of affected individual political activists by arbitrarily, capriciously and irrationally interfering with, inter alia, the right "on the part of its citizens to meet

USDC WAWD Didier v. Inslee - **20**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

peaceably for consultation in respect to public affairs and to petition for a redress of grievances". *Hebert v. Louisiana,* 272 U.S. 312, 316; *Powell v. Alabama,* 287 U.S. 45, 67; *Grosjean v. American Press Co., supra.*

49.     The only individual question appears to be the amount of monetary damage suffered because of the Inslee Proclamations – and thus, just compensation owed – which is attributable to each Political Class Member.

50.     Class certification under Fed. R. Civ. P. 23(b)(3) is also appropriate in this action because a class action is superior to other methods for the fair and efficient adjudication of this controversy, in that:

(a)     The critical facts and applicable questions of law are identical across all Political Class Members, even though the effects of the Inslee Proclamations may be small to some members of the Class, and establishing whether Governor Inslee's actions were unconstitutional is complex, such that prosecution of individual actions is impractical and not economically feasible;

(b)     By contrast, the cumulative damages caused by the Inslee Proclamations across all Members of the Employee Class are substantial;

(c)     In the class action device, Didier, Eyman, and Thomas, and Political Class Members would be left without a remedy for the wrongful acts alleged, and Defendant's allegedly unconstitutional actions would be left unchallenged;

USDC WAWD Didier v. Inslee - **21**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

(d)     The prosecution of separate lawsuits by individual members of the class would create the risk of inconsistent adjudications with respect to the individual class members, which would establish incompatible standards of conduct for Governor Inslee, making concentration of the litigation concerning this matter in this Court desirable; and

(e)     No unusual difficulties are likely to be encountered in the management of this action as a class action.

### Hatch, Wellsfry, Bernica, and Political Class Members

51.     Plaintiffs Hatch, Wellsfry, and Bernica, bring this action on behalf of the all Business Owner Class Members pursuant to provisions of Federal Rules of Civil Procedure 23 (a), (b)(1), (b)(2) and/or (b)(3). Fed. R. Civ. P. 23(a), (b)(1)-(3).

52.     Plaintiffs Hatch, Wellsfry, Bernica, and Political Class Members are, as noted above, Business Owners whose business operations were curtailed or ended  as a result of the Inslee Proclamations.

53.     Class certification under Fed. R. Civ. P. 23(b)(1) is appropriate in this action because prosecuting separate actions by or against individual class members would create a risk of either:

USDC WAWD Didier v. Inslee - **22**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

(a)      Inconsistently or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing class; or

(b) Adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

54.      Class certification under Fed. R. Civ. P. 23(b)(2) is appropriate in this action because Governor Inslee has acted on grounds that apply generally to the Business Owner Class – that is, inter alia, issuance of the Inslee Proclamations – so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

55.      Class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in this action because there are numerous questions of law and fact which are common to the Business Owner Class and which predominate over any questions affecting individual members of the Class, including, without limitation, the following:

(a)      Whether the Inslee Proclamations violated the substantive due process rights of affected individual workers by arbitrarily, capriciously and irrationally interfering with, inter alia, the private property of the Business Owner Class, and has

USDC WAWD Didier v. Inslee - **23**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

burdened the Class with government regulation of their private property that is "so onerous that its effect is tantamount to a direct appropriation or ouster—and that such 'regulatory takings' may be compensable under the Fifth Amendment." *Lingle,* 544 U.S. at 537.

56.     The only individual question appears to be the amount of monetary damage suffered because of the Inslee Proclamations – and thus, just compensation owed – which is attributable to each Employee Class Member.

57.     Class certification under Fed. R. Civ. P. 23(b)(3) is also appropriate in this action because a class action is superior to other methods for the fair and efficient adjudication of this controversy, in that:

(a)     The critical facts and applicable questions of law are identical across all Business Owner Class Members, even though the effects of the Inslee Proclamations may be small to some members of the Class, and establishing whether Governor Inslee's actions were unconstitutional is complex, such that prosecution of individual actions is impractical and not economically feasible;

(b)     By contrast, the cumulative damages caused by the Inslee Proclamations across all Members of the Business Owner Class is substantial;

USDC WAWD Didier v. Inslee - **24**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

(c)     In the class action device, Hatch, Wellsfry, Bernica, and Business Owner Class Members would be left without a remedy for the wrongful acts alleged, and Defendants' allegedly unconstitutional actions would be left unchallenged;

(d)     The prosecution of separate lawsuits by individual members of the class would create the risk of inconsistent adjudications with respect to the individual class members, which would establish incompatible standards of conduct for Governor Inslee, making concentration of the litigation concerning this matter in this Court desirable; and

(e)     No unusual difficulties are likely to be encountered in the management of this action as a class action.

### Hatch, Wellsfry, Bernica, and Political Class Members

58.     Plaintiffs Wilson, and Ransier, bring this action on behalf of the all Employee Class Members pursuant to provisions of Federal Rules of Civil Procedure 23 (a), (b)(1), (b)(2) and/or (b)(3). Fed. R. Civ. P. 23(a), (b)(1)-(3).

59.     Plaintiffs Wilson, Ransier, and Political Class Members are, as noted above, Employee Class Members whose right to a livelihood has been deprived because of the Inslee Proclamations.

USDC WAWD Didier v. Inslee - **25**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

60.     Class certification under Fed. R. Civ. P. 23(b)(1) is appropriate in this action because prosecuting separate actions by or against individual class members would create a risk of either:

(a)     Inconsistently or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing class; or

(b) Adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

61.     Class certification under Fed. R. Civ. P. 23(b)(2) is appropriate in this action because Governor Inslee has acted on grounds that apply generally to the Employee Class – that is, inter alia, issuance of the Inslee Proclamations – so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

62.     Class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in this action because there are numerous questions of law and fact which are common to the Employee Class and which predominate over any questions affecting individual members of the Class, including, without limitation, the following:

USDC WAWD Didier v. Inslee - **26**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

(a)     Whether the Inslee Proclamations violated the substantive due process rights of affected individual workers by arbitrarily, capriciously and irrationally interfering with, inter alia, the right to pursue any "lawful calling, business, or profession [Employee Class Members] may choose" in such a manner that would shock the conscience. *Lowe v. S.E.C.,* 472 U.S. 181, 228 (1985) (citing *Dent v. West Virginia,* 129 U.S. 114, 121-122 (1889)).

63.     The only individual question appears to be the amount of monetary damage suffered because of the Inslee Proclamations – and thus, just compensation owed – which is attributable to each Employee Class Member.

64.     Class certification under Fed. R. Civ. P. 23(b)(3) is also appropriate in this action because a class action is superior to other methods for the fair and efficient adjudication of this controversy, in that:

(a)     The critical facts and applicable questions of law are identical across all Employee Class Members, even though the effects of the COVID19 Proclamations may be small to some members of the Class, and establishing whether Governor Inslee's actions were unconstitutional is complex, such that prosecution of individual actions is impractical and not economically feasible;

(b)     By contrast, the cumulative damages caused by the Inslee Proclamations across all Members of the Employee Class is substantial;

USDC WAWD Didier v. Inslee - **27**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

(c)     In the class action device, Wilson, Ransier, and Employee Class Members would be left without a remedy for the wrongful acts alleged, and Defendants' allegedly unconstitutional actions would be left unchallenged;

(d)     The prosecution of separate lawsuits by individual members of the class would create the risk of inconsistent adjudications with respect to the individual class members, which would establish incompatible standards of conduct for Governor Inslee, making concentration of the litigation concerning this matter in this Court desirable; and

(e)     No unusual difficulties are likely to be encountered in the management of this action as a class action.

## COUNT I

**Plaintiffs Didier, Eyman and Thomas, and
Similarly Situated Political Class Members
v.
Defendant**

### VIOLATION OF THE FREE ASSEMBLY CLAUSE OF THE FIRST AMENDMENT —42 U.S.C. §1983

**Inslee's Proclamations Are an Impermissible Barrier to Expression Protected by the First Amendment**

65.     Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

USDC WAWD Didier v. Inslee - **28**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

66.     The Free Assembly clause of the First Amendment provides that "Congress shall make no law respecting . . . or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."

67.     The First Amendment has been made applicable against the states by means of the Fourteenth Amendment which provides that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

68.     The First Amendment has long asserted that "[i]t is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the "liberty" assured by the Due Process Clause of the Fourteenth Amendment, which embraces freedom of speech. *NAACP v. Alabama ex rel. Patterson,* 357 US 449, 460 (1958); *citing Gitlow v. New York,* 268 U. S. 652, 666; *Palko v. Connecticut,* 302 U. S. 319, 324; *Cantwell v. Connecticut,* 310 U. S. 296, 303; *Staub v. City of Baxley,* 355 U. S. 313, 321.

69.     The First Amendment has long asserted that "[f]reedom of speech and of the press are fundamental rights which are safeguarded by the due process clause of the Fourteenth Amendment of the Federal Constitution." *De Jonge v. Oregon,* 299 US

USDC WAWD Didier v. Inslee - **29**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

353, 364 (1937); *citing Gitlow v. New York, supra,* p. 666; *Near v. Minnesota,* 283

U.S. 697, 707; *Grosjean v. American Press Co.,* 297 U.S. 233, 243, 244. The right of

peaceable assembly is a right cognate to those of free speech and free press and is

equally fundamental. As the Court said in *United States v. Cruikshank,* 92 U.S. 542,

552:

> The very idea of a government, republican in form, implies a right on the part of
> its citizens to meet peaceably for consultation in respect to public affairs and to
> petition for a redress of grievances. The First Amendment of the Federal
> Constitution expressly guarantees that right against abridgment by Congress.
> But explicit mention there does not argue exclusion elsewhere. For the right is
> one that cannot be denied without violating those fundamental principles of
> liberty and justice which lie at the base of all civil and political institutions, —
> principles which the Fourteenth Amendment embodies in the general terms of
> its due process clause. *Hebert v. Louisiana,* 272 U.S. 312, 316; *Powell v.
> Alabama,* 287 U.S. 45, 67; *Grosjean v. American Press Co., supra.*

70.     Governor Inslee issued the COVID19 Proclamations which provided that

"[a]ll people in Washington State shall immediately cease leaving their home or place

of residence except: (1) to conduct or participate in essential activities, and/or (2) for

employment in essential business services.

71.     The COVID 19 Proclamations' list of essential activities did not include

the right of Didier, Eyman and Political Class Members to "peaceably to assemble,

and to petition the government for a redress of grievances."

USDC WAWD Didier v. Inslee - **30**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

72.     Governor Inslee has acted under color of state law, and the Inslee

Proclamations were issued to serve a public purpose by a duly elected state official

and his designee.

73.     The Inslee Proclamations adversely impacted Plaintiffs and Political

Class Members' right to peaceably assemble and to petition the government for a

redress of grievances.

74.     During the indefinite period of shutdown, the Proclamations prohibited

all peaceable assemblies, including the right to organize candidacies to challenge the

ruling political class, the right to fund raise in public settings, and the right to organize

for purposes of political express, in violation of the First Amendment. As the Supreme

Court has long recognized, "[t]he First Amendment gives freedom of mind the same

security as freedom of conscience. *Pierce v. Society of Sisters,* 268 U.S. 510; *Meyer v.

Nebraska,* 262 U.S. 390; *Prince v. Massachusetts,* 321 U.S. 158. Great secular causes,

with small ones, are guarded. The grievances for redress of which the right of petition

was insured, and with it the right of assembly, are not solely religious or political

ones. And the rights of free speech and a free press are not confined to any field of

human interest. *Thomas v. Collins, 323* US 516, 531 (1945).

75.     Inslee's Proclamations criminalize Didier, Eyman, Thomas and the

Political Class Members, making the peaceful assembly of persons a Gross

USDC WAWD Didier v. Inslee - **31**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

Misdemeanor under RCW 43.06.220(5). But as the Court said in *De Jonge v. Oregon,* 299 U.S. 353, 365, "consistently with the Federal Constitution, peaceable assembly for lawful discussion cannot be made a crime." And "those who assist in the conduct of such meetings cannot be branded as criminals on that score.  The question, if the rights of free speech and peaceable assembly are to be preserved, is not as to the auspices under which the meeting is held but as to its purpose; not as to the relations of the speakers, but whether their utterances transcend the bounds of the freedom of speech which the Constitution protects. If the persons assembling have committed crimes elsewhere, if they have formed or are engaged in a conspiracy against the public peace and order, they may be prosecuted for their conspiracy or other violation of valid laws. But it is a different matter when the State, instead of prosecuting them for such offenses, seizes upon mere participation in a peaceable assembly and a lawful public discussion as the basis for a criminal charge." *Thomas v. Collins,* 323 US 516, 539-540 (1945).

## COUNT II

### Plaintiffs, and Similarly Situated Business Class Members
v.
Defendant

### VIOLATION OF THE TAKINGS CLAUSE—42 U.S.C. §1983

### Inslee Proclamations Are an Unconstitutional Regulatory Taking of Plaintiffs' and Business Class Members' Property Without Just Compensation in Violation

USDC WAWD Didier v. Inslee - **32**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132ⁿᵈ Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

**of the Fifth Amendment's Takings Clause as Incorporated under the Fourteenth Amendment**

76.     Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

77.     The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. CONST. AMEND. V.

78.     The Takings Clause "is designed not to limit the governmental interference with property rights per se, but rather to secure compensation in the event of otherwise proper interference amounting to a taking." *Lingle v. Chevron U.S.A. Inc.,* 544 U.S. 528, 536–37 (2005) (quoting *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles,* 482 U.S. 304, 315 (1987) (emphasis in original)).

79.     The Takings Clause bars government actors "from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States,* 364 U.S. 40, 49 (1960).

80.     Governor Inslee issued the COVID19 Proclamations as a means of slowing the spread of the novel coronavirus.

USDC WAWD Didier v. Inslee - **33**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132ⁿᵈ Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

81.     Governor Inslee has acted under color of state law, and the Inslee Proclamations were issued to serve a well-recognized public purpose by a duly elected state official and his designee.

82.     The Inslee Proclamations adversely impacted Plaintiffs and Business Class Members' use of their Tangible Property and Physical Locations to such an extent that, at least temporarily, the Orders entirely diminished the economically beneficial use of those Properties.

83.     During the indefinite period of shutdown, the Proclamations prohibited all economically beneficial and profitable uses of Plaintiffs' Tangible Property and Physical Location and that of other Business Class Members; save bare ownership, the entire bundle of property rights was extinguished.

84.     Plaintiffs and Business Class Members were not permitted to use their Tangible Property or Physical Locations in any fashion to run their businesses; instead, the Inslee Proclamations required Physical Locations housing "non-essential" businesses to remain idle.

85.     As a practical matter, the Orders prevented the affected Physical Locations from being leased, subleased, bought, sold, or used for other purposes. The Orders also effectively prevented the hiring of workers to use the Tangible Property belonging to Plaintiffs and Business Class Members or to assemble and ship goods

USDC WAWD Didier v. Inslee - **34**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

built from their inventories. Accordingly, the Inslee Proclamations interfered with the ordinary investment expectations of Plaintiffs and Business Class Members as property holders.

86.    The Supreme Court "recognized that government regulation of private property may, in some instances, be so onerous that its effect is tantamount to a direct appropriation or ouster—and that such 'regulatory takings' may be compensable under the Fifth Amendment." *Lingle,* 544 U.S. at 537.

87.    "The general rule at least is that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 415–16 (1922).

88.    Governor Inslee's Inslee Proclamations "go too far" and must "be recognized as a taking." *See id.*

89.    Otherwise, without just compensation guaranteed by the Takings Clause, Plaintiffs and all Business Class Members similarly situated will be privately saddled with the cost of paying for government action undertaken for the common good.

90.    Plaintiffs and Business Class Members have suffered a complete loss of "all economically beneficial uses" of their Property while the Inslee Proclamations remain in effect. This complete loss constitutes a categorical taking, whether it be Plaintiffs and Business Class Members' inability to operate their businesses at their

USDC WAWD Didier v. Inslee - **35**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

Physical Locations or their inability to exercise any of their other property rights with regard to their Tangible Property. See *Lucas v. S.C. Coastal Council,* 505 U.S. 1003, 1019 (1992).

91.     Plaintiffs and all Business Class Members who are similarly situated, have "been called upon to sacrifice all economically beneficial uses [for their Properties] in the name of the common good, that is, to leave [their] propert[ies] economically idle, [they] h[ave] suffered a taking." *Lucas*, 505 U.S. at 1019.

92.     In the alternative, under the framework articulated by the Supreme Court in *Penn Central*, the Inslee Proclamations constitute a taking based upon "the magnitude of [the Orders'] economic impact and the degree to which [the Orders] interfere[] with legitimate property interests." *Lingle*, 544 U.S. 528 at 540.

93.     The Supreme Court's analysis in *Penn Central* sets forth the framework for assessing whether government action is considered a regulatory taking, identifying "several factors that have particular significance." *Penn Central Transp. Co. v. New York City,* 438 U.S. 104, 124 (1978). On the other hand, if the regulation "fall[s] short of eliminating all economically beneficial use, a taking nonetheless may have occurred," *Palazzolo [v. Rhode Island],* 533 U.S. [606] at 617, 121 S.Ct. 2448[, 150 L.Ed.2d 592 (2001)], and the court looks to three factors to guide its inquiry: (1) "[t]he

USDC WAWD Didier v. Inslee - **36**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132ⁿᵈ Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

economic impact of the regulation on the claimant," (2) "the extent to which the regulation has interfered with distinct investment-backed expectations," and (3) "the character of the governmental action," *Penn Cent.,* 438 U.S. at 124, 98 S.Ct. 2646. While these factors provide "important guideposts," "[t]he Takings Clause requires careful examination and weighing of all the relevant circumstances." *Palazzolo*, 533 U.S. at 634, 636, 121 S.Ct. 2448 (O'Connor, J., concurring); see also *Tahoe–Sierra,* 535 U.S. at 321, 122 S.Ct. 1465 (whether a taking has occurred "depends upon the particular circumstances of the case"); *Yee v. City of Escondido,* 503 U.S. 519, 523, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992) (regulatory takings claims "entail[ ] complex factual assessments"). *Lost Tree Vill. Corp. v. United States,* 115 Fed. Cl. 219, 228 (2014) (emphasis added).

94.     Since the onset of Governor Inslee's COVID-19 Proclamations, Plaintiffs and Business Class Members have not been permitted to use their Physical Locations to operate their businesses, nor have they been allowed to use their Tangible Property for any economically profitable use.

95.     With less than 24 hours of notice, Governor Inslee ordered Plaintiffs and Business Class Members to cease operations at their businesses. This is not nearly enough time to reconfigure an ordinary small business concern to allow for productive use of its assets when denied access to its Physical Location.

USDC WAWD Didier v. Inslee - **37**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

96.     Plaintiffs have ceased their operations since the Governor's Proclamations classified them as a "non-essential" businesses. The Governor's Proclamations required all other Members of the Business Class to do the same at their respective Physical Locations.

97.     Plaintiffs have made efforts to maintain minimal contact with its customers and employees through practices like telecommuting – the only operations permissible for "non-essential" businesses under the Orders.

98.     Plaintiffs, like all Business Class Members similarly situated, have sat almost entirely idle at the Governor's direction.

99.     The Governors' Inslee Proclamations "will remain in effect until further notice[,]" and, as a result, Plaintiffs – and all Business Class Members similarly situated – are deprived of the value of their Tangible Property and Physical Locations while the Orders are in effect. The Physical Locations of Plaintiffs and of other Business Class Members are not usable for any purpose, nor can these affected Physical Locations currently be bought, sold or leased, nor can Plaintiffs' and Business Class Members' Tangible Property be used to generate income while the Proclamations are in effect.

100.    The Inslee Proclamations have either entirely drained Plaintiffs and

USDC WAWD Didier v. Inslee - **38**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

Business Class Members' Property of all economic value during their pendency, or have nearly done so; in either event, the diminution of value and government interference caused by these Proclamations are an unconstitutional taking without just compensation.

**COUNT III**
**Plaintiffs, and Similarly Situated Business Class Members**
**v.**
**Defendants**

**SUBSTANTIVE DUE PROCESS—42 U.S.C. §1983**

**Inslee's Proclamations Deprives Plaintiffs and Business Class Members of**
**Life, Liberty and/or Property without Due Process of Law**
**in Violation of the Fourteenth Amendment**

101.   Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

102.   Never in the modern history of the United States – even in war time – has such a large swath of the economy of Washington been idled for so long by a government order.

103.   Plaintiffs and Business Class Members have a protected liberty interest in their right to live without arbitrary governmental interference, and a protected fundamental property right to use and enjoy land in which they hold a recognized interest (such as fee simple, or as a leasehold). See *Horne*, 576 U.S. 350, 135 S. Ct. at 2426.

USDC WAWD Didier v. Inslee - **39**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

104.   The Supreme Court "ha[s] emphasized time and again that "[t]he touchstone of due process is protection of the individual against arbitrary action of government[.]" *Cty. Of Sacramento v. Lewis,* 523 U.S. 833, 845 (1998) (quoting *Wolff v. McDonnell,* 418 U.S. 539, 558 (1974)).

105.   "[T]he fault [may] lie[] in a denial of fundamental procedural fairness … or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective[.]" *Id.* at 845-846 (citations omitted).

106.   "'[S]ubstantive due process' prevents the government from engaging in conduct that 'shocks the conscience,' ... or interferes with rights 'implicit in the concept of ordered liberty[.]'" *United States v. Salerno,* 481 U.S. 739, 746 (1987) (quoting *Rochin v. California,* 342 U.S. 165, 172 (1952), and *Palko v. Connecticut,* 302 U.S. 319, 325–326 (1937)).

107.   "[T]he substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Lewis,* 523 U.S. at 847 (quotations omitted).

108.   The Inslee Proclamations enacted by Governor Inslee, as set forth above, constitute arbitrary, capricious, irrational and abusive conduct which unlawfully interferes with Plaintiffs and Business Class Members' liberty and property interests

USDC WAWD Didier v. Inslee - **40**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

protected by the due process clause of the Fourteenth Amendment to the United States Constitution.

109.   Defendants have acted under color of state law with the intent to unlawfully deprive the Plaintiffs and Business Class Members of their liberty and property without substantive due process in violation of the Fourteenth Amendment to the United States Constitution.

110.   Defendants' actions, including issuance and enforcement of the COVID-19 Proclamations, constitute the official policy, custom, and practices of the state of Washington.

112.   The Inslee Proclamations impinge upon Plaintiff's use and enjoyment of their property and separately impinges upon the use of its Tangible Property. The same is true of the other Business Class Members with regard to their Physical Locations and Tangible Property. Therefore, Governor Inslee has violated Plaintiffs' and other Business Class Members' substantive due process rights. See *Nashville, C. & St. L. Ry. v. Walters,* 294 U.S. 405, 415 (1935) (concluding that state's police power was "subject to the constitutional limitation that it may not be exerted arbitrarily or unreasonably," and that such was requiring a railroad to bear the expense associated with construction of a public road and moving train tracks accordingly).

USDC WAWD Didier v. Inslee - **41**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

113.   Governor Inslee implemented the Inslee Proclamations for the purpose of preserving public health, safety, and welfare. The implementation of these Proclamations, however, caused Plaintiffs, its employees and those similarly situated substantial economic harm which they are being asked to privately bear for a manifest public benefit. This is also the case for the other Business Class Members and their corresponding Employee Class Members.

114.   The Governor's behavior "'shocks the conscience' and violates the 'decencies of civilized conduct.'" See *Lewis,* 523 U.S. 833, 846–47 (citations omitted). "[I]t d[oes] not comport with traditional ideas of fair play and decency" and therefore violates substantive due process. *Breithaupt v. Abram,* 352 U.S. 432, 435 (1957).

115.   Defendants' intentional, willful, and wanton conduct 'shocks the conscience' of all citizens, who fear unchecked government intrusion for arbitrary and capricious ends – even if such ends are not ill intentioned.

116.   In depriving Plaintiffs and other Business Class Members of their liberty and property interests without due process of law, the Defendants have acted intentionally, willfully, wantonly, and with callous and reckless disregard for Plaintiffs' constitutional rights.

USDC WAWD Didier v. Inslee - **42**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

117.   As a direct and proximate result of the COVID-19 Proclamations, Plaintiffs and other Business Class Members have and will continue to sustain monetary damages including loss in the value of the Tangible Property and Physical Locations, lost revenues, profits, expenses, attorneys' fees, and other costs incurred.

## COUNT IV

**Wilson, Ransier, and Similarly Situated Employee Class Members**
**v.**
**Defendants**

### SUBSTANTIVE DUE PROCESS—42 U.S.C. §1983

**Inslee's Proclamations Deprive Wilson, Ransier, and Employee Class Members of Life, Liberty and/or Property without Due Process of Law in Violation of the Fourteenth Amendment**

118.   Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

119.   Never in the modern history of the United States – even in war time – has such a large number of Washingtonians been ordered not to work for so long by a government order.

120.   Wilson, Ransier, and other Employee Class Members have a protected liberty interest in their right to pursue any "lawful calling, business, or profession [they] may choose" free from arbitrary government interference and deprivation.

USDC WAWD Didier v. Inslee - **43**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

*Lowe v. S.E.C.,* 472 U.S. 181, 228 (1985) (citing *Dent v. West Virginia,* 129 U.S. 114, 121-122 (1889)).

121.   The Inslee Proclamations instructed all "non-essential" businesses in Washington to shutdown indefinitely, without providing a mechanism to alleviate the economic harm to countless Employee Class Members – like Wilson and Ransier – who were displaced as a result.

122.   "'[S]ubstantive due process' prevents the government from engaging in conduct that 'shocks the conscience,' ... or interferes with rights 'implicit in the concept of ordered liberty[.]'" *Salerno,* 481 U.S. at 746 (quoting *Rochin,* 342 U.S. at 172, and *Palko,* 302 U.S. at 325–326).

123. The Inslee Proclamations, therefore, violate Due Process by "interfere[ing] with rights 'implicit in the concept of ordered liberty[.]'" *Id.*

124.   Governor Inslee's Proclamations interfere with the rights of Wilson, Ransier, and all those workers similarly situated who are Employee Class Members by arbitrarily forcing these individuals to shoulder the financial burden for Executive Orders aimed at benefiting the public across the entire state of Washington.

125.   The forced shutdown of all "non-life sustaining" businesses caused Wilson and Ransier to lose their jobs, their livelihood, and their reputations in the community. The same is true of other Employee Class Members.

USDC WAWD Didier v. Inslee - **44**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132ⁿᵈ Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

126. The Governor's COVID-19 Proclamations, not only deprived Wilson and Ransier of their profession – their ability to earn a living – the Orders simultaneously demanded that these workers subsidize the public health, safety and welfare of the state of Washington. The same is true of other Employee Class Members.

127.   The Due Process Clause of the Fourteenth Amendment prohibits Governor Inslee from demanding this hefty cost be paid by Wilson, Ransier, and other Employee Class Members; it is intended to protect individuals from this manner of arbitrary and irrational government interference.

128.   "[T]he substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Lewis,* 523 U.S. at 847 (quotations omitted).

129.   This interference by the Inslee Proclamations "'shocks the conscience' and violates the 'decencies of civilized conduct.'" See *Lewis,* 523 U.S. 833, 846–47 (citations omitted).

130.   Allowing workers like Wilson, Ransier, and other Employee Class Members to personally bear the cost of Governor Inslee's Inslee Proclamations "d[oes] not comport with traditional ideas of fair play and decency" and therefore violates substantive due process. *Breithaupt,* 352 U.S. at 435.

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

131.   Defendants' intentional, willful, and wanton conduct 'shocks the conscience' of all citizens, who fear unchecked government intrusion for arbitrary and capricious ends – even if such ends are not ill intentioned.

132.   In depriving the workers like Wilson, Ransier, and other Employee Class Members of their protected liberty interests without due process of law, the Defendants have acted intentionally, willfully, wantonly, and with callous and reckless disregard for the constitutional rights Employee Class Members.

133. As a direct and proximate result of the COVID-19 Proclamations, Wilson, Ransier, and other Employee Class Members have and shall continue to sustain monetary damages including loss in the value of their livelihoods, attorneys' fees, and other costs incurred.

## COUNT V

**Hatch, and Similarly Situated Business Class Members**
**v.**
**Defendants**

### PROCEDURAL DUE PROCESS—42 U.S.C. §1983

**Inslee's Proclamations Deprive Hatch, Wellsfry and Business Class Members of Life, Liberty and/or Property without Due Process of Law in Violation of the Fourteenth Amendment**

134.   Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

USDC WAWD Didier v. Inslee - **46**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

135.   Hatch, Wellsfry, and Business Class Members have a protected fundamental property right to use and enjoy land in which they hold a recognized interest (such as fee simple, or as a leasehold). See *Horne*, 576 U.S. 350, 135 S. Ct. at 2426. 159. Under the Fourteenth Amendment, government actors must provide adequate due process procedures before or after divesting citizens of fundamental rights, which includes the property rights linked to the Physical Locations of Hatch and Business Class Members. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 432-33 (1982); *Vitek v. Jones,* 445 U.S. 480, 495-96 (1980); *Tillman v. Lebanon County Correctional Facility,* 221 F.3d 410, 421 (3rd Cir. 2000).

136.   A claim involving procedural due process is evaluated by weighing "the private interest affected by the governmental action and the value of additional procedural safeguards" against "the fiscal and administrative burdens that additional procedures would impose on the government." *Rogin v. Bensalem Township,* 616 F.2d 680, 694 (3rd Cir. 1980).

137.   In conducting this procedural due process evaluation, this court should consider whether the following have been provided Hatch, Wellsfry, and other Business Class Members: (1) notice; (2) a neutral arbiter; (3) an opportunity to make an oral presentation; (4) a means of presenting evidence; (5) an opportunity to cross-

USDC WAWD Didier v. Inslee - **47**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

examine witnesses and respond to evidence; (6) the right to representation by counsel; and (7) a decision based on the record complete with reasoning for the result. *Id.*

138.   The exigent nature of the circumstances surrounding the alleged pandemic likely justify the need for quick action; however, the current exigencies do not allow Governor Inslee to permanently disregard the guaranteed safeguards of Due Process – especially when the fundament property rights of Business Class Members are at stake.

139.   The Inslee Proclamations do not provide any procedural Due Process protections for Hatch, Wellsfry, and other Business Class Members who have been forced to standby as they have been divested of their Tangible Property and Physical Locations.

140.   The Governor has not created a meaningful mechanism to challenge his determinations as to whether a particular business ought to be permitted to operate their Physical Location – not prior to the deprivation, nor after (or during) the deprivation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment in their favor, against Defendant, and seek relief for:

USDC WAWD Didier v. Inslee - **48**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

(1)     Compensatory damages adequate to satisfy Didier, Thomas, Eyman, and

        Political Class Members in the amount owed as just compensation for the

        deprivation of the right to peaceably assemble and to seek a redress of

        grievances protected under the First Amendment;

(2)     Compensatory damages adequate to satisfy Hatch, Wellsfry, and Business

        Class Members in the amount owed as just compensation for the regulatory

        taking of their Physical Location and Tangible Property;

(3)     Compensatory damages adequate to satisfy Wilson, Ransier, and Employee

        Class Members in the amount owed for Defendants' violations of the Due

        Process Clause of the Fourteenth Amendment;

(4)     Compensatory damages adequate to satisfy Hatch, Wellsfry, and Business

        Class Members in the amount owed for Defendants' violations of the Due

        Process Clause of the Fourteenth Amendment;

(5)     Punitive damages;

(6)     A declaratory judgment that issuance and enforcement of the Inslee

        Proclamations are an unconstitutional taking without just compensation,

        under the Fifth and Fourteenth Amendment;

(7)     A permanent injunction to prohibit Defendant from enforcing the Inslee

        Proclamations;

USDC WAWD Didier v. Inslee - **49**

STEPHEN PIDGEON
Attorney at Law, P.S.
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

(8)     An award of costs and expenses, including reasonable attorneys' fees under

42 U.S.C. § 1988; and

(9)     Such other and further relief as this Court deems appropriate.

Respectfully submitted this 18th day of May 2020.

// Stephen Pidgeon
Stephen Pidgeon, WSBA #25265
Attorney at Law, P.S.
1523 132nd Street SE
Suite C-350
Everett, Washington 98208
(425)347-7513

USDC WAWD Didier v. Inslee - **50**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

## Verification, Certification, and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this First Amended Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

_____, Signed in _____, WA \_\_\_/\_\_\_/2020.
Clint Didier

_____, Signed in _____, WA \_\_\_/\_\_\_/2020.
Lisa Thomas

_____, Signed in _____, WA \_\_\_/\_\_\_/2020.
Tim Eyman

_____, Signed in _____, WA \_\_\_/\_\_\_/2020.
LaWanda Joy Hatch

USDC WAWD Didier v. Inslee - **51**

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513

_____, Signed in _____, WA ___/___/2020.
Dean Wellsfry

_____, Signed in _____, WA ___/___/2020.
Patty DeTro

_____, Signed in _____, WA ___/___/2020.
Jason Bernica

_____, Signed in _____, WA ___/___/2020.
S. Rowan Wilson

_____, Signed in _____, WA ___/___/2020.
Bobbi Ransier

STEPHEN PIDGEON
*Attorney at Law, P.S.*
1523 132nd Street SE, Suite C350
Everett, Washington 98208
Stephen.pidgeon@comcast.net
425-347-7513